IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TAYLOR SCOTT,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>  Defendant. | 10cv1167 BEN (PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS OUTSIDE OF THE 120 DAY PERIOD**<br><br>**(Doc. No. 09)** |

On May 28, 2010, Plaintiff filed a Complaint and Motion for Leave to Proceed *in forma pauperis*. On June 3, 2010 the Court granted leave the motion, and on June 28, 2010, a Summons was issued as to Michael J. Astrue. On December 14, 2010, the Court issued an Order directing the United States Marshal to serve the Summons and Complaint. By February 17, 2011, service had not been effected and the Court issued an Order to Show Cause constituting notice to Plaintiff that the Court would dismiss the case without prejudice unless, on or before March 17, 2011, Plaintiff filed either (1) proof that the summons and complaint were timely served, or (2) a declaration under penalty of perjury showing good cause for failure to timely serve the Defendant with the summons and complaint accompanied by a motion for leave to serve process outside of the 120 day period.

On May 31, 2011, Plaintiff filed an Ex Parte Motion for Leave to Serve Process Outside the

1  120 Day Period.  In support of his Motion, Plaintiff's counsel submits a declaration stating, in her
2  prior experience, once a court had granted a motion to proceed *in forma pauperis* the court would
3  also issue an order directing the clerk of the court to issue a summons on the matter and direct the
4  United States Marshal to effect service of process.  Because Plaintiff's Motion to Proceed *in forma*
5  *pauperis* had been granted in this case, counsel declares that she anticipated the District Court Clerk
6  would issue a summons to her office.  She also declares that, in her previous experience, District
7  Court judges who have issued orders granting motions to proceed *in forma pauperis* have also issued
8  orders directing the United States Marshall to serve a copy of the summons and complaint on
9  defendants.

10  Counsel states that she waited for the issuance of summons for one month before creating a
11  Summons and submitting it to the Clerk of the Court on June 28, 2010.  She states that the Clerk
12  informed her that the proper procedure would be for the Court to direct the Clerk of the Court to
13  issue the Summons and dictate the preferred steps for service to be performed.

14  Counsel declares that her father became ill during April of 2010 and passed away on September
15  3, 2010 and, because of these events, she was unable to take more assertive steps to assure service
16  of process prior to the end of the 120 day period on September 25, 2010.  Finally, counsel states that
17  she was unsure how to proceed when, on December 14, 2010, the court issued an Order directing
18  the United States Marshal to effect service.  Finally, counsel declares she is cognizant of the
19  pressures upon the court and the need for cases to proceed at an acceptable pace.

20  However, it is not clear to the Court why court why counsel waited an additional 101 days
21  before responding to the Court's Order issued on February 17, 2011, nor is it clear why counsel
22  allowed an additional eight months after expiration of the 120 day period had passed without
23  seeking clarification on how to proceed.  This is particularly true in light of the fact that the 120 day
24  period had already expired when the Court issued instructions for the Marshal to effect process.  In
25  addition, it is not clear to the Court why counsel did not seek to seek waiver of process by mailing
26  the summons and complaint to the Defendant prior to the expiration of the 120 day period.  See
27  F.R.C.P. 4(d)(1).

28  Courts must balance the need to encourage diligent prosecution of lawsuits against the possible

loss of a litigant's federal case. Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that the district court did not abuse its discretion when it dismissed the plaintiff's case even though the statute of limitations had run, making the dismissal effectively a dismissal with prejudice). In light of the fact that Plaintiff filed his complaint more than one year ago, but has failed to serve Defendants with the Summons and Complaint, the Court would be within its discretion to dismiss the action. In re Eisen, 31 F.3d 1447, 1451-52 (9th Cir. 1992) (dismissal is warranted where there is unreasonable delay in prosecuting the case).

However, given the fact that Counsel declares, under penalty of perjury, that her father suffered illness and ultimately passed away during the time for service of process, the Court finds good cause to grant leave to serve process outside the 120 day period. **Plaintiff shall have until July 15, 2011 to serve Defendant. This order constitutes notice to Plaintiff that his case will be dismissed for failure to prosecute unless, on or before July 15, 2011, Plaintiff submits proof that the Summons and Complaint were served prior to that date.**

Therefore, because Plaintiff has shown good cause for the requested extension of time, the Motion for Leave to Serve Process Outside the 120 Day Period is **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 3, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:   The Honorable Roger T. Benitez
      All Parties and Counsel of Record